UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NOEL ALDANA,

      Petitioner,

v.                              Case No. 3:17-cv-1110-J-34PDB

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,
      Respondents.

_____

## ORDER

### I. Status

Petitioner Noel Aldana, an inmate of the Florida penal system, initiated this action on September 27, 2017,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1). Aldana is proceeding on an amended petition (Amended Petition; Doc. 6). In the Amended Petition, Aldana challenges a 2010 state court (Nassau County, Florida) judgment of conviction for grand larceny by unauthorized credit card use and schemes to defraud. Aldana raises five grounds for relief. See Amended Petition at 5-27.[2] Respondents have submitted an answer in opposition to the Amended Petition. See Motion to Dismiss (Response; Doc. 29) with exhibits (Resp. Ex.). Aldana moved to enlarge the record, see Doc. 23, the Court granted his request, see Doc. 29, and Respondents supplemented their exhibits with the relevant records. See Doc. 27. Aldana filed three briefs in reply; Docs. 24, 28, 30; however, the Court construes the last reply as

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

his operative reply. See Petitioner's Amended Reply to Respondent's Response for Motion to Dismiss or Deny (Reply; Doc. 30). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In McQuiggin v. Perkins, 569 U.S. 383, 386 (2013), the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable

exception to the one-year statute of limitations. The United States Supreme Court explained:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[3] and House,[4] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

Id. at 386-87. "For purposes of the 'actual innocence' exception to a procedural bar, the petitioner must show 'factual innocence, not mere legal insufficiency.'" Justo v. Culliver, 317 F. App'x 878, 880-81 (11th Cir. 2008) (quoting Bousley v. United States, 523 U.S. 614 (1998)).

Respondents contend that this action is untimely. Response at 4-7. In his Reply, Aldana argues that the Amended Petition is timely because Respondents used incorrect dates to determine the dates he filed postconviction motions. Reply at 5-6. Additionally, Aldana contends that even if untimely, he is actually innocent of the charge of scheming to defraud, but, nevertheless, admits that he is guilty of grand larceny. Id. at 1-5. The following procedural history is relevant to the one-year limitations issue.

---

[3] Schlup v. Delo, 513 U.S. 298 (1995).
[4] House v. Bell, 547 U.S. 518 (2006).

Aldana entered a negotiated plea of guilty to grand larceny by unauthorized credit card use (count one) and schemes to defraud (count two). Resp. Ex. B. On August 19, 2010, the circuit court sentenced Aldana to a term of incarceration of fifteen years in prison as to count two and a term of probation of five years as to count one, which the circuit court ordered to run consecutively to the sentence imposed on count two. Resp. Ex. C at 30-31. Aldana did not appeal.

As Aldana's conviction and sentence became final after the effective date of AEDPA, his Amended Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1). Here, Aldana's judgment became final on September 18, 2010. See McCloud v. Hooks, 560 F.3d 1223, 1227 (11th Cir. 2009) (quoting Pugh v. Smith, 465 F.3d 1295, 1298 (11th Cir. 2006)) ("A conviction is final at 'the conclusion of direct review or the expiration of the time for seeking such review.'"); Fla. R. App. P. 9.140(b)(3) (mandating thirty-day window from date of written order imposing sentence to file direct appeal of criminal conviction). As such, Aldana had until September 18, 2011, to file a federal habeas petition. Aldana did not file the Petition until September 27, 2017. Thus, this action is due to be dismissed as untimely unless he can avail himself of the statutory provisions which extend or toll the limitations period.

On February 9, 2011,[5] 144 days into Aldana's one-year statute of limitations period, he filed a pro se motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 Motion), Resp. Ex. A at 1-19, which tolled the limitations period. See 28 U.S.C. § 2244(d)(2). The circuit court denied the Rule 3.850

---

[5] Respondents incorrectly rely throughout their Response on the clerk's file-stamp to determine the relevant date of Aldana's pro se filings; however, as a pro se litigant, the mailbox rule applies.

4

Motion on August 17, 2012. Id. at 102. Aldana appealed and Florida's First District Court of Appeal (First DCA) per curiam affirmed the denial of the Rule 3.850 Motion on June 24, 2013. Resp. Ex. H. Aldana moved for rehearing, which was denied. Resp. Ex. I. On September 17, 2013, the First DCA issued the Mandate, at which point the statute of limitations began to run again. See Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (noting pursuant to Florida law, a circuit court's denial of a postconviction motion is pending until the mandate is issued).

On September 30, 2013, after the statute of limitations had run for 157 days, Aldana filed a pro se motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) (Rule 3.800(a) Motion), Resp. Ex. K 1-11, and a second motion pursuant to Rule 3.850 (Second Rule 3.850 Motion). Id. at 22-29. The circuit court denied both motions on November 6, 2013. Id. at 49, 53. The First DCA per curiam affirmed the denial of relief on both motions on April 15, 2014. Resp. Ex. N. Following the denial of Aldana's motion for rehearing, Resp. Ex. O, the First DCA issued the Mandate on August 8, 2014, Resp. Ex. P, restarting the statute of limitations. See Nyland, 216 F.3d at 1267.

The statute of limitations ran for a total of 209 days until September 29, 2014, when Aldana filed a petition for writ of habeas corpus with the circuit court. Resp. Ex. U at 1-32. The circuit court denied the petition on October 21, 2014, Id. at 33, and denied Aldana's motion for rehearing on November 12, 2014. On May 27, 2015, the First DCA per curiam affirmed the denial of the petition. Resp. Ex. Y. Aldana moved for rehearing, which the First DCA denied. Resp. Ex. Z. The First DCA issued the Mandate on July 27, 2015, Resp. Ex. AA, and the limitations period began to run again. See Nyland, 216 F.3d at 1267.

5

On February 24, 2016, Aldana, with the assistance of counsel filed another motion pursuant to Rule 3.800(a) (Second Rule 3.800(a) Motion). Resp. Ex. BB at 1-12. By the time Aldana filed his Second Rule 3.800(a) Motion, 421 un-tolled days had passed since his judgment became final; therefore, the Second Rule 3.800(a) Motion did not toll the statute of limitations. Aldana's judgment became final on December 30, 2015.[6] Accordingly, even though Respondents incorrectly identified the dates of some of Aldana's pro se state court filings, based on the timeline above, this action, initiated on September 27, 2017, is untimely.

Aldana alternatively argues that a manifest injustice would occur if the Court did not address the merits of the Amended Petition because he is actually innocent of count two. According to Aldana, there was no competent, substantive evidence to support the charge in count two and to demonstrate this point, he relies on the fact that the State of Florida provided no evidence at the plea or sentencing hearings to prove he was involved in the scheme to defraud. Reply at 2. The Court finds Aldana has failed to meet his burden to establish that he is actually innocent because he has not alleged any new facts that would support an actual innocence claim. It appears Aldana believes that the State did not have evidence to prove count two at the time of the plea. See generally Reply; see also Doc. 24 at 5-6. In support of this, Aldana cites to evidence the State disclosed in 2012 that included the dates of credit card charges that did not correspond to the dates alleged in the charging document. Doc. 24 at 5-6. Aldana maintains that the evidence

---

[6] The Court notes that the documents Aldana sought to include in the record and which Respondents provided include the record of a pro se petition for writ of habeas corpus filed on August 25, 2016. Resp. Ex. Resp. Ex. OO. However, as the petition was filed after the statute of limitations had expired, this petition did not toll the limitations period.

6

shows charges were made between August 27, 2008 and February 14, 2009, which were not the dates alleged in the Information. Id. at 5-6. Aldana does not deny making illegal purchases with the stolen credit card, he just denies doing it within the time period purportedly alleged in the Information. Even assuming Aldana's allegations are correct, it would only show a defect in the charging document, not his actual innocence. Aldana has made no assertion that the State could not have amended the Information if this factual inaccuracy actually existed. Therefore, his argument fails to establish a valid actual innocence claim. See Justo, 317 F. App'x at 880-81.

Moreover, the Court notes that Aldana, under oath, stated at both the plea and sentencing hearings that he committed the charged offenses and was remorseful, Resp. Exs. B at 9; C at 10, 29-30, which contradicts his current contentions. A defendant's "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). As such, Aldana's current allegations that are contradictory to his "solemn declarations" in open court are insufficient to establish an actual innocence claim. Id. Based on the above analysis, Aldana has not established an actual innocence claim and, therefore, the Amended Petition is due to be dismissed as untimely.

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Aldana seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Aldana

"must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Amended Petition (Doc. 6) is **DISMISSED WITH PREJUDICE**, and this action is **DISMISSED WITH PREJUDICE**.

2.  The Clerk of the Court shall enter judgment dismissing the Amended Petition and dismissing this case with prejudice.

3.  If Aldana appeals the dismissal of the Amended Petition, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report

any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    4.    The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of October, 2020.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-8

C:    Noel Aldana #J42034
    Counsel of record